The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 15, 2020, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: December 15, 2020**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERIC L. ROBERTS, | ) | Case No. 18-10689 |
|     Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| _____ | ) | |
| | ) | |
| ROBERT D. BARR, | ) | Adversary Proceeding |
| TRUSTEE, | ) | No. 20-1068 |
|     Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC L. ROBERTS, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OF OPINION[1]

On July 13, 2020, Robert D. Barr, the Chapter 7 trustee, initiated this adversary proceeding alleging that the debtor, Eric L. Roberts, failed to turn over

---

[1] This Opinion is not intended for official publication.

property of the estate pursuant to an agreed order entered in the main case on May 19, 2020.  The trustee seeks an order revoking the debtor's discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A).  This matter is currently before the Court on the trustee's motion for summary judgment.  For the following reasons, the trustee's motion is granted.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O).  The Court has jurisdiction over core proceedings under 28 U.S.C. §§1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed.  On February 9, 2018, the debtor filed a Chapter 7 bankruptcy petition.  On September 19, 2018. the Court granted the debtor a discharge (Case No. 18-10689, Docket No. 34).  On November 19, 2019, the trustee filed a motion to compel the debtor to turn over the sum of $6,555.20 consisting of an interest in a deferred compensation plan that was determined to be nonexempt (Docket No. 45).  On December 26, 2019, the Court granted the trustee's motion and directed the debtor to turn over to the trustee a sum of $6,555.20 (Docket No. 47).  On January 21,

2020, the debtor moved to vacate the order directing the debtor to turn over property of the estate asserting the sum claimed by the trustee was exempt under the Employment Retirement Income Security Act (Docket No. 50). On May 19, 2020, the parties entered into an agreed order where the debtor would remit to the trustee a sum of $3,600.00 no later than June 30, 2020 (Docket No. 58).

On July 13, 2020, the trustee filed an adversary complaint asserting that the debtor is refusing to turn over funds as ordered by the Court and seeking a revocation of the debtor's discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A) (Adv. No. 20-1068, Docket No. 1). On August 11, 2020, the debtor filed a response asserting that he began sending payments as required under the May 19, 2020, agreed order (Adv. No. 20-1068; Docket No. 4). On November 12, 2020, the trustee filed a motion for summary judgment stating that he received a total of $400.00 via two $200.00 payments received on August 18, 2020, and September 23, 2020 (Adv. No. 20-1068; Docket No. 7). The trustee attached an affidavit to his motion for summary judgment as an exhibit which states that "[a]s of the present date, the Debtor has failed to pay the balance of the Funds, in the remaining amount of $3,200.00, pursuant to the Second Turnover Order, and that sum remains due and owing to the bankruptcy estate." (Adv. No. 20-1068; Docket No. 7, Ex. A, paragraph 11). The affidavit further asserts that the trustee has made

3

numerous demands for the debtor to remit the balance of funds (*Id.*). The debtor has not responded to the trustee's motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party'." *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 424, 248 (1986)).

4

DISCUSSION

The Chapter 7 trustee moved to have the court revoke the debtor's discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A). Section 727(d)(3) provides in pertinent part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
> > (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

11 U.S.C. § 727(d)(3). Section 727(a)(6)(A) provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–
> > . . . .
> > (6) the debtor has refused, in the case–
> > > (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

11 U.S.C. § 727(a)(6)(A).

Courts are split regarding what level of intent must be demonstrated under § 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the court's order. *See Smith v. Jordan* (*In re Jordan*), 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini* (*In re Constantini*), 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); *Wilmington Trust Co. v. Jarrell* (*In re Jarrell*), 129 B.R. 29, 33 (Bankr. D. Del.

5

1991). Other courts have found that § 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe* (*In re Gorshe*), 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); *Hunter v. Watson* (*In re Watson*), 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

This Court agrees with the courts that have found § 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress intended to include a willfulness or intentional standard in § 727(a)(6), Congress could have done so, as it did in § 727(a)(2). *See Hunter v. Magack* (*In re Magack*), 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be held liable for civil contempt, the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

Once the moving party establishes these three elements, then the debtor has "an obligation to explain [her] non-compliance." *Jordan*, 521 F.3d at 434 (quoting *Missouri ex rel. Nixon v. Foster* (*In re Foster*), 335 B.R. 716 (Bankr. W.D. Mo. 2006)). Impossibility or inability to comply with the order are valid defenses to an

6

action to revoke discharge under § 727(a)(6)(A).  *See Magack*, 247 B.R. at 410.  Mere assertions by the debtor are not sufficient; rather, the debtor must provide supporting evidence to explain the noncompliance.  *See Magack*, 247 B.R. at 410 (citing *Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998)).  A debtor may not merely assert a present inability to comply but must instead "introduce supportive evidence showing that all reasonable efforts to comply have been undertaken."  *Magack*, 247 B.R. at 410–11.

In this proceeding, the trustee has in the form of an affidavit established the necessary facts for revocation of the debtor's discharge under § 727(d)(3) and (a)(6)(A).  The debtor was aware of the agreed order for turnover of funds entered by the Court because he made $200.00 payments to the trustee on August 18, 2020, and September 23, 2020.  Because the debtor has failed to turn over the remaining balance of funds, the debtor is in violation of the agreed order entered by this Court.  Additionally, the debtor was given an opportunity to explain his failure to comply with the Court's order directing turnover of funds but failed to do so by not filing a response to the trustee's motion for summary judgment.  After reviewing the evidence in a light most favorable to the debtor, the Court finds no genuine issue of material fact as to the debtor's failure to obey the Court's order directing

7

turnover of funds. Accordingly, judgment in favor of the trustee is appropriate, and the Court revokes the debtor's discharge under § 727(d)(3) and (a)(6)(A).

CONCLUSION

For the reasons stated above, the Court grants the trustee's motion for summary judgment and revokes the debtor's discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A).

IT IS SO ORDERED.

8

20-01068-aih    Doc 8    FILED 12/15/20    ENTERED 12/16/20 11:06:11    Page 8 of 8